**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF TIMOTHY GENE SMITH, by his successor in interest Wyatt Allen Gunner Smith; SANDY LYNN SIMMONS; WYATT ALLEN GUNNER SMITH, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> SCOTT R. HOLSLAG, <br><br> Defendant-Appellant, <br><br> and <br><br> CITY OF SAN DIEGO; DAVID BRECHT; NATALIE ANN MACEY, DBA Macey Bail Bonds, as an individual; LEGAL SERVICE BUREAU, INC., DBA Global Fugitive Recovery, a California domestic corporation; DAN ESCAMILLA, as an individual and on behalf of Legal Service Bureau, Inc.; ISMAEL SOTO, as an individual, <br><br> Defendants. | No.    21-55073 <br><br> D.C. No. 3:16-cv-02989-WQH-MSB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 14, 2022
Pasadena, California

Before:  CALLAHAN and VANDYKE, Circuit Judges, and ARTERTON,[**] District Judge.

Defendant Scott Holslag of the San Diego Police Department appeals the district court's denial of his summary judgment motion asserting the defense of qualified immunity in the fatal shooting of Timothy Smith.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm and remand the case for trial.

A denial of a summary judgment motion based on qualified immunity is reviewed de novo.  *Carrillo v. Cnty. of Los Angeles*, 798 F.3d 1210, 1218 (9th Cir. 2015).  When reviewing a summary judgment motion, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion."  *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotation marks and citation omitted).  The party moving for summary judgment bears the burden of "showing that there is no genuine issue of fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The district court was correct to conclude that there were disputed questions of material fact that preclude a grant of summary judgment here.  If we assume the disputed facts in the light most favorable to the non-moving party, Smith was

---

[**]     The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

standing still on an elevated ledge with his hands visible to the police at the time of the shooting. Smith would therefore have not been an immediate threat to Holslag or anyone else in the area, meaning Holslag's use of deadly force would be unreasonable and a violation of the Fourth Amendment. *See Harris v. Roderick*, 126 F.3d 1189, 1203–04 (9th Cir. 1997); *Cruz v. City of Anaheim*, 765 F.3d 1076, 1078 (9th Cir. 2014).

This violation of the Fourth Amendment would also be clearly established by existing caselaw. "[F]ew things in our case law are as clearly established as the principle that an officer may not 'seize an unarmed, nondangerous suspect by shooting him dead' in the absence of 'probable cause to believe that the [fleeing] suspect poses a threat of serious physical harm, either to the officer or to others.'" *Torres v. City of Madera*, 648 F.3d 1119, 1128 (9th Cir. 2011) (quoting *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)); *see also Est. of Lopez by & through Lopez v. Gelhaus*, 871 F.3d 998, 1020 (9th Cir. 2017).

Nor can we do what Holslag requests and use the available video evidence to determine if there is in fact a genuine issue of material fact. In *Scott*, the Supreme Court was able to determine no genuine issue of material fact existed where the video evidence "quite clearly contradict[ed]" the respondent's version of the facts. 550 U.S. at 378. That is not the case here. None of the video evidence in this case offers a clear picture of Smith's actions in the critical moments leading up to, and

3

including, the first shot fired by Holslag. *Scott* is therefore inapplicable, and this court cannot resolve the question of whether a genuine dispute of material fact exists.

This means the merits of Holslag's qualified immunity claim turn on the resolution of a factual dispute, which must be addressed by a jury, not a court at summary judgment. *See Cruz*, 765 F.3d at 1080. In this case, the jury needs to resolve only one key disputed factual question: did Holslag reasonably perceive that Smith reached towards the waistline or pockets of his cargo shorts in the moments leading up to the shooting? If so, then Holslag's shooting was reasonable, and he is therefore entitled to qualified immunity. If not, then Holslag's shooting was unreasonable, and he is therefore not entitled to qualified immunity. This binary framing of the key factual dispute mirrors the approach taken by our court in similar past cases. *See, e.g.*, *id.* at 1079 (concluding the qualified immunity defense turns on "just one simple question: Did the police see Cruz reach for his waistband? If they did, they were entitled to shoot; if they didn't, they weren't"); *Longoria v. Pinal Cnty.*, 873 F.3d 699, 706–07 (9th Cir. 2017) (explaining that the police officer's qualified immunity defense turned on the question of "whether [the officer] reasonably perceived that Longoria assumed a threatening or 'shooter's stance'").

**AFFIRMED AND REMANDED FOR JURY TRIAL.**